HELEN PETTIT, ADMINISTRATRIX AD PROSEQUENDUM
OF THE ESTATE OF ALVIN PETTIT, DECEASED, PLAIN-
TIFF, ·v. PENNSYLVANIA RAILROAD COMPANY, IM-
PLEADED, DEFENDANT.

Argued November term, 1924—Decided January 20, 1925.

Negligence—Grade Crossing Accident—Question of Proper Sig-
nals From Engine—Court's Refusal to Charge That the
Presence of Freight Cars Obscuring Plaintiff's Vision Was
Not Negligence of Defendant—Charge Practically Included
in Instructions Relating to the Whistle and Bell—Rule Dis-
charged.

On rule to show cause.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the rule, *John S. Applegate & Son.*

*Contra, Ward Kremer* and *Benjamin Weinberg.*

PER CURIAM.

The plaintiff, as administratrix of her husband, obtained a
verdict in the Monmouth Circuit on July 2d, 1924, in the
sum of $7,500. The case is before us on defendant's rule to
show cause why the verdict should not be set aside and a new
trial granted. The grounds upon which the rule is argued
are that the verdict is against the weight of the evidence on
both the question of negligence and contributory negligence
and on the refusal of certain requests to charge. The negli-
gence alleged, and upon which the case was submitted, con-
sisted in the failure of the defendant to give proper warning of
the approach of its train by bell or whistle. The evidence pro-
duced by the plaintiff on this point, as is not unusual in such
cases, was negative in character, and it consisted of the testi-
mony of persons in the neighborhood, though not ·within
view of the approaching train, to the effect that they did not
hear any signals given.

On behalf of the defendant the train crew, consisting of the engineer and fireman, the conductor, two brakemen, and a clerk employed in the freight house, were called as witnesses. Two salient facts appear in the proofs. One is that all the witnesses, save one whose testimony is of little value, on behalf of the plaintiff were closely related to the plaintiff, and on behalf of the railroad company that all are its employes. While the testimony of the plaintiff's witnesses was impaired in its affirmative value there were also discrepancies in the testimony of the defendant's witnesses which likewise impaired the value of their evidence. The train was an extra one, passing through the settled portion of the beach front in Monmouth county, and was approaching the crossing where the accident happened in Bradley Park from the direction of Ocean Grove. From some of the evidence given on behalf of the defendant it might be inferred that the whistle signals were given for the first time very close to the crossing, which, of course, was not in compliance with the statutory requirements, and as to the sounding of the bell this was heard only by the fireman and engineer.

As to the negligence of the deceased in approaching the crossing, assuming the absence of the statutory signals, which fact the jury must have found, it is important to consider the circumstances surrounding the accident. It appears from the substantial proofs in the case that intervening between the train and the automobile as they converged toward the crossing there were a number of box cars which obscured the view of one driving on the tracks until within close proximity to the track upon which the train was approaching. Whether the deceased was in the exercise of due care in attempting to cross the track under these circumstances has been by the statute committed to the jury. The question is always what a reasonably prudent person would do under the circumstances.

The errors assigned and argued are with respect to the denial of the following requests to charge:

"The presence of freight cars in the vicinity of the crossing, even though they may have obscured the view of the deceased, is not any evidence of negligence on the part of the defendant.

"The presence of freight cars can be considered by you only in determining whether or not decedent was guilty of contributory negligence. It has no bearing on the question of negligence on the part of defendant.

"You cannot consider the speed of the train in determining whether defendant was negligent."

While these requests as drawn were all refused, we think they were substantially covered in the charge itself. In that charge the court had carefully limited the negligence of the defendant to the failure to give signals by bell or whistle. This, of necessity, excluded any other possible element to which the requests to charge might have application. As the case went to the jury no negligence in the defendant was predicated on the presence of the freight cars nor the speed of the train. It necessarily followed that the presence of the freight cars had bearing then only on the negligence of the deceased, and that the speed of the train was without relevance to the negligence of the defendant.

From the foregoing no legal error in the trial of the case appears, and this being a second trial and a second finding in favor of the plaintiff, we do not feel that the evidence on the question of negligence in the defendant or contributory negligence in the deceased was so overwhelmingly in favor of the defendant as to justify the court in again disturbing it. The rule for a new trial is discharged.